# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE BOSTON, (2012-0704092), | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 4716 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| TOM DART, CERMAK HEALTH SERVICE, and NURSE SHERICE, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Maurice Boston, a Cook County Jail inmate, sues Cook County Sheriff Tom Dart, Cermak Health Services, and Nurse Sherice pursuant to 42 U.S.C. § 1983 for their alleged violations of his Eighth Amendment rights. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") [3], complaint for initial review pursuant to 28 U.S.C. § 1915A [1], and motion for attorney representation [4].

## IFP Motion

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $7.02. The trust fund officer at plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10.00 until the full $350.00 filing fee is paid. All payments shall be sent to the Clerk, United

States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred. The Clerk shall send a copy of this order to the trust fund officer at Cook County Jail.

**Initial Review of the Complaint**

To pass muster under 28 U.S.C. § 1915A, plaintiff's complaint must contain "a short and plain statement" that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation omitted). The complaint need not be fact-intensive, but it must contain sufficient factual allegations to "raise a right to relief above the speculative level." *Id.* at 570. The Court construes pro se complaints more liberally than pleadings written by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). The Court assumes the facts alleged by plaintiff are true and draws all reasonable inferences from them in his favor. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)).

On September 7, 2013, Plaintiff cut his ankle on his wheelchair at Cook County Jail. He was immediately seen by Nurse Sherice, who called Cermak and requested an ambulance to transport plaintiff to the hospital. After waiting thirty minutes for the Cermak ambulance, the nurse called 911. Fifteen minutes later, Chicago Fire Department paramedics arrived and took plaintiff to St. Anthony Hospital, where he was treated.

After he was treated, plaintiff was taken back to the Jail, but there was not a bed available for him. As a result, he had to sit in his wheelchair in the waiting area of Cermak Hospital for twenty-four hours until a bed opened up. Despite his repeated requests, Jail personnel refused to give him any pain

2

medication during that twenty-four-hour period. Plaintiff alleges that the forty-five-minute wait for the ambulance and the twenty-four-hour wait for a bed without pain medication violated his Eighth Amendment rights.

The ambulance wait violates the Eighth Amendment only if it was the result of jail officials' deliberate indifference to plaintiff's objectively serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("A delay in treatment may constitute deliberate indifference if [it] exacerbated the injury or unnecessarily prolonged an inmate's pain."); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (stating that a defendant acts with deliberate indifference if he is subjectively aware of the prisoner's medical need and disregards the risk that failing to treat it poses). Plaintiff's allegations – that Nurse Sherice immediately called Cermak for an ambulance, and then 911 when the Cermak ambulance failed to appear – establish that she did not act with deliberate indifference. Thus, plaintiff does not and cannot state an Eighth Amendment claim based on the wait for the ambulance.

The situation is different for plaintiff's claim based on the time he waited in Cermak without pain medication. According to plaintiff, when he returned to the jail, one or more unidentified doctors made him sit in his wheelchair for twenty-four hours without pain medication while they waited for a bed to open up in the jail. These allegations are sufficient to suggest that these doctors acted with deliberate indifference to plaintiff's serious medical need for pain medication. Accordingly, plaintiff may proceed on this claim.

However, Cermak Health Service, Sheriff Dart and Nurse Sherice are not the proper defendants for this claim. Cermak is a department of Cook County, which is not an independently suable entity, and plaintiff does not allege that Dart or Nurse Sherice had any involvement in the decision to deny him pain medication, as required to hold them liable under § 1983. *See Backes v. Vill. of Peoria*

3

*Heights, Ill.*, 662 F.3d 866, 869 (7th Cir. 2011) ("[A] defendant must have been personally responsible for the deprivation of the right at the root of a § 1983 claim for that claim to succeed.") (quotation omitted); *Manney v. Monroe*, 151 F. Supp. 2d 976, 988 (N.D. Ill. 2001) ("Cermak is a department within Cook County, with no legal existence, and, therefore, is not a suable entity."). The proper defendants in this suit are the people who refused to give plaintiff pain medication while he was in Cermak. Because plaintiff does not know the names of these people, the Court will allow this suit to proceed against Dart, solely for the purpose of identifying the unknown defendants. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996)*; Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789-90 (7th Cir. 1995). Once Plaintiff has obtained service on Dart, and an attorney has entered an appearance on Dart's behalf, plaintiff may send defense counsel interrogatories (that is, a list of questions) seeking information about the identity of the people who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After plaintiff learns their identities, he may seek leave to amend the complaint to add them as defendants. Summonses will then issue for service on defendants and Dart will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the proper defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993).

The Clerk is instructed to issue summons for service of the complaint on defendant Dart, and the United States Marshals Service is appointed to serve him. The Court advises Plaintiff that he must complete a USM-285 (Marshals service) form and return it to the Clerk before the Marshal will attempt to serve Dart. Plaintiff has thirty days from the date of this order to return the completed service form to the Clerk of Court in care of the Prisoner Correspondent. If plaintiff fails to do so, the Court will dismiss this case for failure to prosecute. The Marshal is authorized to mail a request for waiver of

service to Dart in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Plaintiff must file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent, and send an exact copy of any court filing to defendant or to defense counsel, once an attorney has entered an appearance on defendant's behalf. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

**Motion for Attorney Assistance**

"There is no constitutional or statutory right to counsel in federal civil cases[,]" but "the Court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When a pro se litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the Court must examine "'whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted). The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

After considering the above factors, the Court concludes that the solicitation of counsel is not warranted in this case. First, plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. Plaintiff, whose initial submissions are coherent and articulate, appears more than capable of litigating this matter, notwithstanding the general obstacles posed by the fact of incarceration, particularly given the wide latitude the Court gives pro se litigants in the handling of their suits. Therefore, plaintiff's motion for attorney representation is denied without prejudice.

## **Conclusion**

For the reasons stated above, plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted, and plaintiff is assessed an initial partial filing fee of $7.02. The trust fund officer at plaintiff's place of incarceration is authorized and ordered to: (1) collect the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court; and after the initial partial fee is paid, (2) collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account and forward payments to the Clerk of Court each time the amount in the account exceeds $10.00 until the full $350.00 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred. The Clerk shall send a copy of this order to the trust fund officer at Cook County Jail.

Plaintiff may proceed only on his claim for denial of pain medication and only against defendant Dart, who remains in the suit solely for the purpose of identifying the proper defendants. The Court terminates Cermak Health Services and Nurse Sherice as defendants in this case. After

Dart has been served, and an attorney has entered an appearance on his behalf, plaintiff may send defense counsel interrogatories (that is, a list of questions) seeking information about the identity of the people who allegedly violated his constitutional rights. After plaintiff learns their identities, he may seek leave to amend the complaint to add them as defendants. Summonses will then issue for service on defendants, and Dart will be dismissed from this suit.

The Clerk is directed to: (1) send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608; (2) issue summons for service on Dart; and (3) mail plaintiff a magistrate judge consent form, a blank USM-285 form, and filing instructions along with a copy of this order. Plaintiff must return the USM-285 form to the Clerk before the Marshal will attempt to serve Dart, and has thirty days from the date of this order to do so. If plaintiff does not return the form in that time, the Court will dismiss this suit for failure to prosecute.

Plaintiff's motion for attorney assistance is denied without prejudice [4].

**SO ORDERED.**   ENTERED:   October 7, 2014

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**